IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| MICHAEL MOORE NEELY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | Case No. 15-cv-1275 |
|  | ) |  |
| v. | ) | Judge Mark R. Hornak |
|  | ) |  |
| COMMISSIONER OF INTERNAL REVENUE, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM OPINION

**Mark R. Hornak, United States District Judge**

Mr. Neely filed a letter to the Commissioner of the Internal Revenue Service in the Court of Common Pleas of Beaver County; it is titled "Constructive Notice of Demand for Direct Challenge to Presumed Liability and Personal Authority." As this letter was filed in a state court with a standard-form civil cover sheet, it was processed as a lawsuit against the Commissioner of the IRS. According to Mr. Neely's cover sheet, he does not request money damages or class action; he requests only a Declaratory Judgment. ECF 1-2 at 1. However, what exactly Mr. Neely wanted the state court to declare (or otherwise do) is unclear. The Letter/Complaint contains a number of arguments about the legality of the federal income tax system and why Mr. Neely believes that "the income tax does not apply to [him],"[1] ECF 1-2 at 23, but does not

---

[1] Mr. Neely claims that he is "not protesting any tax." ECF 1-2 at 7. The truth or falsity of that point has no bearing on the present determination of the Court. Still, this Court notes that the Third Circuit has made clear that so-called "Tax Protestor" arguments have "uniformly been rejected by this and other federal courts." *U.S. v. Stuler*, 296 Fed.Appx. 798 (2010) (describing "typical 'tax protestor' arguments" such as "United States is a private corporation; the United States has been acting under bankruptcy; [Plaintiff] is not a citizen of the United States subject to income tax; and others"). See also, United *States v. Connor*, 898 F.2d 942, 943–44 (3d Cir.1990) ("We take this opportunity to reiterate that wages are income within the meaning of the Sixteenth Amendment. Unless subsequent Supreme Court decisions throw any doubt on this conclusion, we will view arguments to the contrary as frivolous, which may subject the party asserting them to appropriate sanctions.") *Hattman v. C.I.R.*, 202 F. App'x

1

(specifically or otherwise) request that a court take any action to vindicate his purported legal rights.

After the United States removed Mr. Neely's lawsuit to federal court, Mr. Neely's subsequent filings clarified the relief that he sought—or, more aptly, the lack thereof. Mr. Neely correctly recognizes that "federal courts will not or cannot make declaratory judgments relating to federal taxes."[2] ECF 1-2 at 15. So what remedy does Mr. Neely seek? In Mr. Neely's Motion to Vacate Removal Ab Initio, he clarifies that his "filing is not an actual lawsuit but, rather, a public record of Plaintiff's good faith attempt to determine whether or not he has a lawful duty to file and pay a federal income tax. The only means available to Plaintiff for filing such document in Pennsylvania is via this civil action." Reiterating and clarifying this point in his Amended Motion to Remand, Mr. Neely explains, "My *Default Judgment* seeks no damages, injunction or remedy from this or any other Court. It is merely a public record of my many good-faith attempts to administratively and *lawfully* settle any purported accout and/or lawful duty I may have with the Internal Revenyue Service ('IRS')/Department of the Treasure ('DOT')/United States government ('US')." ECF 9 at 2 (emphasis in original).

---

560, 561-62 (3d Cir. 2006) ("Though Plaintiff labors to argue otherwise, his claims are those of a tax protester. We and other courts have consistently rejected these arguments and we need not address them again here.").

[2] And, of course, he is correct. Such actions are explicitly excepted from the scope of the Declaratory Judgment Act. See 28 U.S.C. § 2201 (providing that a court "may declare the rights and other legal relations of any interested party" in "a case of actual controversy within its jurisdiction, except with respect to Federal taxes.").

It is also worth noting that the Anti Injunction Act bars suits seeking to prevent the collection or assessment of a tax. *See* 26 U.S.C. §7421 ("Except as provided in [various exceptions] no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed."). *See also U.S. v. Stuler*, 396 Fed.Appx. 789 (2010) ("Congress has expressly invoked sovereign immunity with respect to virtually all tax assessment challenges and demands for declaratory and injunctive relief under the IRC, except in narrow situations") (citing 26 U.S.C. § 7421(a); 28 U.S.C. § 2201); *Beale v. I.R.S.*, 256 F. App'x 550, 551 (3d Cir. 2007) ("The Anti-Injunction Act. . . deprives federal courts of jurisdiction to entertain an action to enjoin the IRS from assessing or collecting taxes."); *Sherman v. Nash*, 488 F.2d 1081, 1083 (3d Cir.1973) ("under 26 U.S.C. § 7421 and its predecessors, Congress has withheld from courts jurisdiction to enjoin the 'assessment or collection' of 'any tax'").

2

Herein lies the problem for this Court. "[N]o principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006) (internal quotations omitted). For a lawsuit to be cognizable in a federal court, it "must be definite and concrete, touching the legal relations of parties having adverse legal interests. . . . It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character" *North Carolina v. Rice*, 404 U.S. 244, 246 (U.S. 1971) (citing, *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240—241 (1937)). In other words, before a federal court to has the constitutional authority to act upon a litigant's case, there must be a real dispute between the parties that can be resolved by a judgment or order of the court. Absent such a dispute, a federal court lacks jurisdiction and must dismiss the case.

Here, Mr. Neely has made clear that he "seeks no damages, injunction or remedy from this or any other Court." ECF 9 at 2. Thus, this Court lacks the constitutional authority to take any action in this case, and must dismiss Mr. Neely's complaint.[3] *See State of S.D. v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990) (Where the court's decision would provide "no specific relief" it was merely an advisory opinion outside the scope of the court's "federal judicial power"); *Pub. Serv. Co. of Colorado v. U.S. E.P.A.*, 225 F.3d 1144, 1148 n.4 (10th Cir. 2000) ("This court would violate Article III's prohibition against advisory opinions were it to do that which [Plaintiff] requests, i.e., issue a mere statement that the EPA's interpretation and application of the law was incorrect without ordering some related relief."); *United States v. Burlington N. R. Co.*, 200 F.3d 679, 699 (10th Cir. 1999) ("Here, [Plaintiff] requests no relief to redress any

---

[3] Mr. Neely is proceeding *pro se*. As such his "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Fantone v. Latini,* 780 F.3d 184, 193 (3d Cir. 2015), as amended (Mar. 24, 2015). Even construed liberally, however, Mr. Neely's pleadings make explicitly clear that he does not seek a remedy from the court.

3

specific injury it has suffered and advocates a general interest common to all citizens: 'requir[ing] EPA to follow its statutory and regulatory mandates.' . . . We decline to issue an advisory opinion on this issue.").

An appropriate order will issue.

                                                             Mark R. Hornak
                                                             United States District Judge

Dated: October 29, 2015

cc: All counsel of record